United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TRENTON KIRKSEY, Plaintiff, | § | CIVIL ACTION NUMBER 4:24-cv-00871 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| NATIONAL MULTIPLE SCLEROSIS SOCIETY, Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff Trenton Kirksey proceeds here *pro se*. He sued Defendant National Multiple Sclerosis Society for racial discrimination, retaliation, and civil conspiracy. Dkt 28 at ¶¶42–62 (amended complaint). The matter was referred for disposition to Magistrate Judge Yvonne Ho. Dkt 27.

Prior order granted summary judgment for Defendant, while also adopting the recommendation of Judge Ho. See Dkt 103; see also Dkt 97 (underlying Memorandum and Recommendation). Judge Ho also denied a request by Plaintiff for leave to file a motion to withdraw his deemed admissions. See Dkt 100. Final judgment entered, and Defendant filed a bill of costs in the amount of $8,565.88. Dkts 104 & 105.

Pending are motions by Plaintiff to alter or amend judgment and to review and retax costs. Dkts 107 & 108. Judge Ho recommends that both motions be denied. See Dkt 113 at 5.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see

also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 114. He claims that the Memorandum and Recommendation erred by, among other things, misapplying Rule 59(e) of the Federal Rules of Civil Procedure and finding taxation of costs appropriate. He otherwise reasserts argument regarding his request for leave to withdraw his deemed admissions and the merits of his underlying claims. See id at 2–10. Defendant filed a response to these objections and there maintains that the motions by Plaintiff should be denied. See Dkt 115.

On *de novo* review and determination, the objections by Plaintiff lack merit.

Judge Ho correctly applied the standards applicable to a motion under Rule 59(e) and found that Plaintiff failed to meet it. See Dkt 113 at 2–3. Of considerable concern, the objections by Plaintiff make affirmative misrepresentation of the applicable standard, going so far as to quote language that doesn't exist. He states, with citation to *Schiller v Physicians Resource Group Inc*, 342 F3d 563, 567 (5th Cir 2003), "The Fifth Circuit has expressly recognized that Rule 59(e) relief may be granted to 'correct manifest errors of law or fact *or to prevent manifest injustice*.'" See Dkt 114 at 2 (emphasis in original). As Plaintiff subsequently admits in his notice of errata, the emphasized text on which his argument relies neither states the correct standard for review of a Rule 59(e) motion, nor appears anywhere in the cited decision. See Dkt 116 at 1.

In any event, Judge Ho specifically noted that the arguments by Plaintiff regarding withdrawal of his deemed admissions had already been considered and rejected. Dkt 113 at 2. Plaintiff may not now again attempt to

reassert such arguments by way of objections to the recommendation of the Magistrate Judge. And in any event, denial of leave to withdraw was entirely appropriate in light of delay by Plaintiff in seeking withdrawal and prejudice to Defendant that would result. See Dkt 100 at 2–3.

Judge Ho was also correct in finding taxation of costs appropriate. She notes that Defendant is the prevailing party and has certified that the costs taxed were necessarily incurred in this action. See Dkt 113 at 3–4. And she correctly stated that neither good faith nor financial hardship are sufficient to justify denying recovery of costs to Defendant under Rule 54(d). Id at 4, citing *Pacheco v Mineta*, 448 F3d 783, 795 (5th Cir 2006) and *Hawkins v City of Lexington*, 2022 WL 671452, *1 (5th Cir, *per curiam*).

The objections by Plaintiff Trenton Kirksey to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 114.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 113.

The motions by Plaintiff Trenton Kirksey to alter or amend judgment and to review and retax costs are DENIED. Dkts 107 & 108.

The Clerk of Court is ORDERED to TAX COSTS against Plaintiff in the amount of $8,889.88.

SO ORDERED.

Signed on August 24, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge